ment of the kind in the record before us, it follows that the judgment and order appealed from must be affirmed, with costs.

Judgment and order appealed from affirmed, with costs. All concur.

## FLANAGAN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.  May 1, 1900.)

STREET CARS—CAR STARTING WITHOUT WARNING—INJURY TO PASSENGER.

Where defendant's street car was at a standstill, and several passengers were getting off, and plaintiff was just alighting, when the conductor, without warning, started the car, and plaintiff was thrown to the ground, and injured, the defendant was liable for the injuries.

Appeal from trial term.

Action by Mary Flanagan against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and CONLAN, JJ.

H. A. Robinson, for appellant.

P. M. Herzog, for respondent.

FITZSIMONS, C. J.   We think that the evidence clearly proves that plaintiff was injured through the gross carelessness of defendant's conductor. While the car was at a standstill, and plaintiff in the act of alighting therefrom, and before she was able to do so, and without warning, he started the car, threw plaintiff to the ground, spraining and disfiguring her wrist, and breaking the radius bone in her arm. These injuries were dangerous, painful, and perhaps the evil effects thereof may be permanent. She was without fault. She had the right to leave the car at the place in question, and, as it was at a full stop, and several passengers were getting off, she had the right to believe and assume that she would be allowed a reasonably safe opportunity to alight, which right was not accorded her. The verdict was not excessive, as testified to. She was seriously injured, and may always suffer deformity and pain because of the negligent act of defendant's servant. Under the circumstances we think the verdict was just, reasonable, and proper, and it must be affirmed, with costs. All concur.